IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERTO E. ALMEIDA, | § § § | |
| **Plaintiff,** | § § § | |
| v. | § | CIVIL ACTION NO. B-05-202 |
| | § | |
| ALLSTATE TEXAS LLOYDS, PATRICIA P. HAGY, BRADLEY J. ROGERS, DOUGLAS R. DAWSON, ALLSTATE TEXAS LLOYDS, INC., DAVID KARR, TUCKER'S HOME INSPECTION SERVICE, and JAMES C. RICHMOND, | § § § § § § § § | |
| **Defendants.** | | |

### ORDER & OPINION

BE IT REMEMBERED, that on December 8, 2005, the Court **GRANTED** Plaintiff's Motion to Remand [Dkt. No. 6].

### I. Introduction

Defendants filed a Notice of Removal from the 357th Judicial District Court in Cameron County, Texas on July 14, 2005 alleging improper joinder of non-diverse defendants [Dkt. No. 1]. Plaintiff filed a Motion to Remand on August 15, 2005 based on a lack of complete diversity of the parties [Dkt. No. 6].

## II. Factual and Procedural Background

Plaintiff Alberto Almeida filed suit in state court against his insurer, Allstate Texas Lloyds ("Allstate"), for violations of the Texas Insurance Code[1] and the Texas Deceptive Trade Practices Act after a dispute over coverage following damage to Almeida's residence. Almeida purchased a resale home in the summer of 2000 and moved into the home in late July or early August of that year. Defendant Karr, an insurance agent, sold Almeida a homeowner's insurance policy with Allstate. Defendant Tucker's Home Inspection Services ("Tucker's Inspection") completed a property inspection on June 23, 2000 for Almeida prior to the sale. In November 2001, during and immediately following a heavy rainstorm, the roof began to leak. Allstate Texas Lloyds as Plaintiff's homeowner's insurance provider received a claim for the damage. Claims adjusters including Defendants Hagy, Rogers, Dawson, and Richmond processed the claim for Allstate. Allstate and its adjusters attempted to repair the damage to the home. However, Almeida was not satisfied with the scope of the repair or the manner in which the claim was handled.

As a result, on July 30, 2004, Almeida filed suit in the 357th District Court in Cameron County, Texas against Allstate Texas Lloyds Incorporated ("Allstate Inc.") in addition to the Defendants described above. Allstate filed Defendant Allstate Texas Lloyd's Notice of Removal on July 14, 2005 in this Court [Dkt. No. 1]. Plaintiff Almeida seeks remand to the state court in which the case was originally filed [Dkt. No. 6].

## III. Standard for Removal

### A. Original Jurisdiction

An action brought in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over actions between citizens of different states in which

---

[1] The provisions in the Texas Insurance Code governing unfair or deceptive acts or practices in the business of insurance were previously located in Chapter 21 and were referred to as Article 21.21. Effective April 1, 2005, chapter 541 of the Texas Insurance Code governs such acts or practices. Tex. Ins. Code § 541.001 et seq.

the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Diversity of citizenship must be complete - the citizenship of every plaintiff must be diverse from the citizenship of every defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).  The moving party has the burden of establishing that federal subject matter jurisdiction exists. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

### IV. Improper Joinder

Statute prohibits the exercise of federal jurisdiction when a party has been joined in an effort to create jurisdiction.  28 U.S.C. § 1359.  Likewise, when an in-state defendant has been properly joined, the action may not be removed.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  In order to determine the effect of non-diverse parties, the court must inquire whether or not an in-state defendant was properly joined. *Id.*

The Fifth Circuit has recognized two methods to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*(*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The test for improper joinder[2] is that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.  The court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *Id.*

### V. Analysis

---

[2]The Fifth Circuit has adopted the term "improper joinder" in place of "fraudulent joinder" as more consistent with the statutory language.  *Smallwood*, 385 F.3d at 571.

Defendants must establish that the amount in controversy is at least $75,000, that complete diversity exists, and that they have complied with the removal procedures. *See* 28 U.S.C. § 1332.

### A. Amount in Controversy

Plaintiff's Original Petition does not allege a specific amount of damages [Dkt. No. 1 Ex. A] However, this case involves damage to a residence, and Plaintiff seeks treble damages and exemplary damages. Other cases involving a homeowner's mold claim "easily satisfied" the amount in controversy requirement. *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D.Tex. 2002). Additionally, Plaintiff does not object to the amount in controversy in Plaintiff's Motion to Remand [Dkt. No. 6]. Therefore, the pleadings lead the Court to conclude that the amount in controversy is greater than $75,000. Defendants have satisfied the first requirement for removal.

### B. Complete Diversity

Defendants must show that all defendants in this case are diverse in citizenship from the plaintiff. Plaintiff Almeida is a citizen of Texas. Therefore, in order to satisfy the diversity requirement, no defendant may be a citizen of Texas.

Allstate Texas Lloyd's Company is an unincorporated association of individual underwriters, all of whom are citizens of the State of Illinois. *Ballesteros v. Allstate Texas Lloyd's Co.*, No. M-02-134 (S.D. Tex. 2002) [Ex. D]. The citizenship of all members determines the citizenship of an unincorporated association. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). A Lloyd's plan insurer consists of a group of underwriters who join together to issue insurance through an attorney in fact. *Id.* Only underwriters are members of the organization. *Id.* Therefore, the court only examines the citizenship of the underwriters to determine the citizenship of a Lloyd's group. *Id.* Allstate Texas Lloyd's Company is a citizen of Illinois.

Allstate Inc., the attorney-in-fact, is an agent that is authorized to act for Allstate Lloyd's under a power of attorney as required by the Texas Insurance Code. *Id.* Tex. Ins. Code § 18.01, 18.02. Allstate Inc. is a citizen of Texas.

Because Defendants Hagy, Rogers, Dawson, Karr, Richmond, and Tucker's Home Inspection Services are citizens of Texas, complete diversity is destroyed in this case. However, Defendant Allstate Lloyds contends that these parties were improperly joined and thus, should not be considered for the purposes of determining diversity.

If one in-state defendant was properly joined, complete diversity is absent. Therefore, if a properly joined in-state defendant is present, remand is appropriate.

### C. Improper Joinder

The test for improper joinder is that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. This Court will conduct a Rule 12(b)(6)-type analysis to determine whether the original complaint states a claim under state law. *See Smallwood*, 385 F.3d at 573. If a plaintiff's claim against a particular defendant can survive this analysis, there is no improper joinder. *Id.*

The Court will first examine joinder of the individual Defendants: the insurance agent and the claims adjusters. In the original petition, Plaintiff alleges that the adjusters, Defendants Hagy, Rogers, Dawson, and Richmond, failed to properly process his claims, made misrepresentations, failed to fully investigate the loss, failed to perform necessary testing, failed to warn of potential future damage, and were negligence in the remediation of the residence.

Plaintiff potentially has a cause of action against an adjuster, as a "person" engaged in the business of insurance, under the Texas Insurance Code. Tex. Ins. Code § 541.001 et seq. Plaintiff may have a cause of action for unfair settlement practices for misrepresentation of material facts to claimant, failure to promptly provide a reasonable explanation of denial of a claim, failure within a reasonable time to affirm or deny coverage, and refusal to pay a claim without conducting a reasonable investigation. Tex. Ins. Code § 541.060.

In the Southern District of Texas, courts have both granted and denied remand in similar cases in which homeowners brought suit against insurance claims adjusters. *See*

5

*Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 852 n.1 (S.D. Tex. 2001).  In *Blanchard*, the court granted remand because it held that there was a reasonable possibility that a Texas court would find that the insurance adjuster violated the provisions governing unfair settlement practices under the Texas Insurance Code.  *Id.* at 847.  The presence of specific allegations against the adjuster in the original petition provided support for the conclusion that the adjuster was properly joined in the action.  In the present case, Plaintiff has alleged specific actions by the adjusters rather than making broad claims against all defendants.

An adjuster is listed in the definition of a "person" who is liable under the Texas Insurance Code.  Tex. Ins. Code § 541.001 et seq.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998).  While an adjuster will not be liable for the actions of an insurance company when the employee did not commit a violation of the Texas Insurance Code, the Texas Supreme Court has held that insurance company employees who engage in the business of insurance will be liable for their own violations.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004).  A plaintiff must attribute specific actionable conduct to an adjuster in order for the adjuster to be liable under Texas law.  *Ardila v. State Farm Lloyds*, 2001 WL 34109378 * 2 (S.D. Tex. 2001).  Here Plaintiff has alleged specific conduct by the adjusters, and thus, Plaintiff has stated a claim against the individual Defendants Hagy, Rogers, Dawson, and Richmond.

In the original petition, Plaintiff alleges that the insurance agent, Karr, failed to inform him of coverage, failed to properly insure the home, and failed to educate him about the policy.  Plaintiff has a potential cause of action against an agent, as a "person" engaged in the business of insurance, under the Texas Insurance Code section 541.051 or 541.061 for misrepresentation of the terms or benefits of a policy or misrepresentation of an insurance policy.  Tex. Ins. Code § 541.051, 541.061.  Plaintiff may have a cause of action under the Texas Deceptive Trade Practices Act.  Tex. Bus & Com. Code § 17.41 et. seq.

Under Texas law, an insurance agent is not liable for breach of contract or a breach of the duty of good faith and fair dealing; these claims are available against the insurance

company alone. *Blanchard*, 206 F. Supp. 2d at 845. *See Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 260 (5th Cir. 1995). However, the statutory language of the Texas Insurance Code and the DTPA is broad enough that a plaintiff may bring a cause of action against an insurance agent who engages in unfair or deceptive acts or practices. *Blanchard*, 206 F. Supp. 2d at 845. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). An insurance agent may be liable for misrepresentations of policy terms when an insured relied on the misrepresentation. *Id.*

The presence of specific allegations against the individual Defendants, the agent and adjusters, leads the Court to conclude that there is a reasonable basis for recovery in state court against Defendants Hagy, Rogers, Dawson, Karr, and Richmond. The combination of Texas authority permitting a cause of action against an insurance agent or adjuster along with these specific allegations supports this conclusion. Defendant Allstate Lloyd has not met the heavy burden of establishing improper joinder.

Without the establishment of improper joinder of an in-state defendant, complete diversity is absent. Therefore, this Court lacks subject matter jurisdiction to proceed with this case in federal court. The Court **GRANTS** Plaintiff's Motion to Remand [Dkt. No. 6].

Procedural Requirements

The moving party must comply with the removal procedures outlined in 28 U.S.C. § 1446. A defendant must file a signed notice of removal along with a short, plain statement of the grounds and copies of the documents from the state court proceedings. *Id.* The notice of removal must be timely filed. If the case is not removable when filed, defendant may file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1441(b). The "other paper" includes a post-complaint demand letter or a deposition with information providing notice that the action is removable. As long as voluntary acts of the plaintiff create the "other paper" that provides notice to the defendant, the receipt of the "other paper" triggers the thirty day time period for filing.

*Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). In cases removed for diversity of citizenship under section 1332, a case may not be removed more than one year after the commencement of the action. *Id.* The moving party has the burden to show that they have met the procedural requirements for removal.

Almeida filed his Original Petition in state court on September 7, 2004. Defendant Allstate Lloyds filed the Notice of Removal on July 14, 2005 citing diversity of citizenship under 28 U.S.C. § 1332. The Notice of Removal was not filed more than one year after the initial petition. While Allstate Lloyds did not file a notice of removal within thirty days of receipt of the initial pleading, Allstate Lloyds contends that they filed the notice of removal with thirty days of receipt of "other paper." Plaintiff's deposition was taken on June 15, 2005. Allstate Lloyds contends that at the time of the deposition it was ascertained that the in-state defendants were improperly joined. Therefore, Allstate Lloyds filed the Notice of Removal within thirty days. Based on these dates, Defendants timely filed the Notice of Removal under 28 U.S.C. 1446(b).

Under 28 U.S.C. § 1446(a), all defendants must join in the removal petition. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Asst. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970). Failure of properly joined defendants to join in the removal petition renders the petition defective. *Farias v. Bexar Cty. Bd. of Trustees for MHMR Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). However, nominal or formal parties are not required to join in the petition. *Id.* "To establish that non-removing parties are nominal parties, the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Id.*

Only Allstate Lloyds filed the removal petition; no other defendant joined in the filing of the notice. Although nominal parties are not required to join in the petition, the individual Defendants are not mere nominal parties here. As discussed in section V, there is possibility that Plaintiff would be able to establish a cause of action against the individual Defendant agent and adjusters. Therefore, these parties are more than nominal parties and their consent to removal is required. Allstate Lloyds has not established

compliance with the required procedures for removal.  Therefore, the Court **GRANTS** Plaintiff's Motion to Remand.

## VI. Conclusion

Defendant Allstate Lloyd has failed to establish that the in-state defendants were improperly joined.  Thus, the removal was improper because diversity of citizenship does not exist.  Therefore, the Court **GRANTS** Plaintiff's Motion to Remand [Dkt. No. 6].

DONE at Brownsville, Texas, this 8th day of December, 2005.

_____
Hilda G. Tagle
United States District Judge